IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v.  ) | Criminal Action |
| ) | No. 19-MJ-02033-DPR |
| JASON A. HAMANN,  ) | |
| ) | |
| Defendant.  ) | |

## O R D E R

After the United States orally moved for pretrial detention, a hearing was held in this matter pursuant to § 3142(f), Title 18, United States Code. The defendant was present personally and with his counsel Ann Koszuth, Assistant Federal Public Defender. The United States was represented by Jody Stockard, Assistant United States Attorney.

A complaint and supporting affidavit has been filed in this case. The affidavit supports a finding of probable cause to believe that the offenses charged were committed by this defendant. The complaint alleges a violation of the Controlled Substances Act, for which there is a maximum period of imprisonment of ten years or more. There is therefore a rebuttable presumption that there are no conditions which would reasonably assure the defendant's appearance at all proceedings, as required, and the safety of other persons and/or the community. Based on the evidence presented at the hearing, there are

1

no conditions the Court can impose that would reasonably assure the defendant's appearance at all scheduled hearings and the safety of other persons or the community.

The factors to be considered by the Court are enumerated in Title 18, United States Code, Section 3142(g). The evidence at the hearing established that the weight of the evidence against defendant is overwhelming.

Regarding the potential for failure to appear, the Court notes the offense charged and defendant's criminal history which includes failure to appear, criminal activity while under supervision, non-compliance while on probation and supervised release, and use of aliases. The Court also notes defendant's substance abuse history and lack of verifiable, legitimate employment.

Regarding the potential danger to the community, the Court notes the nature of the instant offense and defendant's criminal history which includes, but is not limited to, the following: prior arrests and convictions; criminal activity while under supervision; non-compliance while on probation and supervised release; history of weapons use; and, pattern of similar criminal activity history. In addition, the Court notes defendant's substance abuse history.

Based on all the foregoing, the Courts finds by a preponderance of the evidence that the defendant is a risk of flight, and finds by clear and convincing evidence that the defendant is a danger to the community.

**IT IS THEREFORE ORDERED** that the defendant be, and is hereby detained without bail.

**IT IS FURTHER ORDERED** that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDRED**

**DATED:** April 30, 2019

　　　　　　　　　　　　　　　　　　　　*/s/ David P. Rush*
　　　　　　　　　　　　　　　　　　　　DAVID P. RUSH
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge